UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN E. RILEY,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>S KERNAN, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.:  16cv405-MMA-LL<br><br>**ORDER GRANTING EX PARTE APPLICATION TO TAKE THE DEPOSITION OF STEVEN E. RILEY (C60512), AN INCARCERATED PERSON**<br><br>**[ECF No. 69]** |

On September 2, 2020, Defendants filed an ex parte application asking the Court for permission to take the deposition of Plaintiff Steven E. Riley, a person confined in state prison, and to take the deposition by remote means, including the court reporter, if they choose. ECF No. 69. Plaintiff has not filed an opposition. See Docket. Federal Rule of Civil Procedure 30(a)(2)(B) requires that a party seeking to take a deposition must "obtain leave of court . . . if the deponent is confined in prison." For good cause shown, Defendants' ex parte application is **GRANTED**. Upon reasonable notice to Plaintiff, Defendants may depose Plaintiff in accordance with the Federal Rules of Civil Procedure and the prison's rules and regulations, including the presence of correctional officers during the deposition, and may take the deposition by remote means if they choose. The court reporter may also be remote provided that pursuant to Federal Rule of Civil Procedure 28, "a deposition will

be deemed to have been conducted 'before' an officer so long as that officer attends the deposition via the same remote means (e.g., telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants." See Grano v. Sodexo Mgmt., Inc., No. 18cv1818-GPC(BLM), 2020 WL 1975057, at *4 (S.D. Cal. Apr. 24, 2020) (quoting Sinceno v. Riverside Church in City of New York, No. 18-cv-2156 (LJL), 2020 WL 1302053, at *1 (S.D.N.Y. Mar. 18, 2020)).

**IT IS SO ORDERED**.

Dated: September 8, 2020

Honorable Linda Lopez
United States Magistrate Judge