UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN E. RILEY,<br><br>  Plaintiff,<br><br>v.<br><br>S KERNAN, et al.,<br><br>  Defendants. | Case No.: 16cv405-MMA-LL<br><br>**ORDER DENYING AS MOOT PLAINTIFF'S APPLICATION FOR HEARING DAY AND TIME FOR TWO MOTIONS**<br><br>**[ECF No. 72]** |

Presently before the Court is an application from Plaintiff, proceeding pro se, seeking hearing dates and times for a motion for appointment of counsel and a motion to amend the scheduling order. ECF No. 72. Plaintiff indicates that he is seeking a sixty-day extension "to file additional pleading, joinder, or amendment(s)." Id. Currently, the deadline to file any motion to join other parties, to amend the pleadings, or to file additional pleadings is September 18, 2020. ECF No. 68 at 1.

On August 20, 2020, the district judge rejected a document from Plaintiff requesting a hearing date and time for a motion for appointment of counsel and noted that "if Plaintiff wishes to seek appointment of counsel in the future he need not obtain a hearing date prior to filing a motion for such relief. As this matter has proceeded beyond the pleading stage, any future motion for appointment of counsel should be directed to the attention of the

assigned magistrate judge." ECF No. 67. Therefore, it is clear that Plaintiff is not required to obtain a motion hearing date before filing a motion for appointment of counsel.

The undersigned magistrate judge's Civil Chambers Rules, which are posted on the Court's website, states the following regarding requests to amend a scheduling order:

> The dates and times set in the Scheduling Order **will not** be modified except for good cause shown and with the Judge's consent. Fed. R. Civ. P. 16(b)(4). Counsel are reminded of their duty of diligence and that they must "take all steps necessary to bring an action to readiness for trial." Civil Local Rule 16.1(b).
>
> Before requesting an extension of any dates, the attorneys must "meet and confer" and the request should then be made by filing a joint motion. The joint motion must establish good cause for the request and shall include a declaration from counsel of record detailing the steps taken to comply with the dates and deadlines set in the order, the specific reasons why the deadlines cannot be met, and any prior requested or approved modifications to the order. A party seeking a modification may move *ex parte* if the other parties will not join in a motion to amend the schedule. In an *ex parte* motion, the declaration must address the steps counsel took to obtain a stipulation, as well as the subjects required for the joint motion. When the motion is made after time has expired, Fed. R. Civ. P. 6(b)(1)(B) requires the parties to address excusable neglect.

Judge Lopez Civil Chambers Rules, Section III.C. Although the rule refers to attorneys and counsel, the rule also applies to unrepresented parties, such as Plaintiff. Judge Lopez does not require a motion hearing date to be obtained prior to filing a motion to amend the scheduling order. Additionally, the Court, in its discretion, will allow Plaintiff in this instance to file his motion to amend the scheduling order on an *ex parte* basis, without first meeting and conferring with opposing counsel, because the deadline he wishes to extend is quickly approaching.

Accordingly, for the reasons set forth above, the Court **DENIES AS MOOT** Plaintiff's request for motion hearing dates. Plaintiff may submit his motion for

///

///

///

appointment of counsel and *ex parte* motion to amend the scheduling order without obtaining motion hearing dates.

**IT IS SO ORDERED**.

Dated:  September 11, 2020

Honorable Linda Lopez
United States Magistrate Judge