UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN E. RILEY,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>S. KERNAN, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 16cv405-MMA-LL<br><br>**ORDER RE: PLAINTIFF'S APPLICATION FOR 60-DAY EXTENSION OF TIME;**<br><br>**ORDER RE: PLAINTIFF'S APPLICATION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF Nos. 74, 76]** |

　　　　Presently before the Court are two motions from Plaintiff, proceeding *pro se*. ECF Nos. 74, 76. Plaintiff's first motion, filed on September 25, 2020, seeks "a 60-day extension of time to file additional pleadings, joinder, and amendments." ECF No. 74 at 1-2 (hereinafter "Motion to Continue").  On September 25, 2020, Plaintiff *nunc pro tunc* submitted the second motion which seeks "appointment of counsel," and was accepted by the Court on discrepancy on October 1, 2020. ECF Nos 75, 76 (hereinafter "Motion for Appointment of Counsel"). For the reasons set forth below, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel and **GRANTS IN PART** Plaintiff's Motion to Continue.

1. **Motion for Appointment of Counsel**

Plaintiff seeks appointment of counsel because "[t]he U.S. 9th Circuit Court of Appeal[s] [] mandate [at] Docket Entry 60-1 pg. 6 of 6 recommended appointment of counsel for further proceedings." Motion for Appointment of Counsel at 2. Plaintiff also claims that he "is unable to properly pursue this 42 U.S.C. § 1983 civil suit due to the restrictions that the Defendants have imposed." Id. Plaintiff further claims that "COVID-19 restriction(s) have closed the law library(s)" and that his "only access is through institutional paging and messenger service." Id. at 2. Plaintiff states:

> Plaintiff is entitled to counsel in this matter due to his inability to pursue researching this case. Plaintiff can only ask for 3 items at a time through paging service. Plaintiff is not in possession of Southern District Rules of Court, nor Magistrate's Judges Civil Chamber(s) Rule(s), or get any rules that are posted online. Prisoner[s] are not allowed to go online. For the for[e]going reason(s) Plaintiff Riley ask[s] Magistrate L. Lopez for Appoin[t]ment of Counsel.

Id.

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981). Additionally, there is no constitutional right to a court-appointed attorney in cases filed by inmates arising under 42 U.S.C. § 1983; Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). However, under 28 U.S.C. § 1951(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

As an initial matter, the Court acknowledges that in the Ninth Circuit's July 7, 2020 judgment, which took effect on July 29, 2020, the Appeals Court recommended appointment of counsel for further proceedings. See Riley v. Kernan, No. 17-56298, 2020

WL 3791572, at *1-2 (9th Cir. July 7, 2020). However, in light of the limited availability of pro bono legal services in this District and the current procedural posture of this litigation, the Court **DENIES without prejudice** Plaintiff's request for appointment of counsel at this time on this basis.

Second, the Court finds that Plaintiff's likelihood of success on the merits is not yet clear. The Court acknowledges the lengthy procedural history of this case.[1] However, at this stage of the proceedings,[2] when the parties have not yet engaged in discovery and

---

[1] In relevant part, the Ninth Circuit entered judgment, affirming in part and reversing in part the District Court's Order and Judgment of Dismissal. Riley v. Kernan, No. 17-56298, 2020 WL 3791572, at *1-2. The Ninth Circuit remanded the action to this Court for further proceedings and held that the Court properly dismissed Plaintiff's Fourth Amendment unreasonable search claim, Eight Amendment cruel and unusual punishment claim, and First Amendment Establishment Clause claim. Id. The circuit court concluded that this Court did not abuse its discretion by denying Plaintiff leave to amend those claims. Id. at 2. The circuit court further concluded that this Court "erred by dismissing Riley's claim under the First Amendment's Free Exercise Clause and by failing to address Riley's allegations under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq*." Id. at 2. The circuit court remanded the case for further proceedings consistent with its findings that Plaintiff states a plausible Free Exercise Clause claim and with instructions "for the district court to consider Riley's RLUIPA and First Amendment retaliation claims in the first instance." Id.

On August 5, 2020, the District Judge issued an Order Spreading the Mandate of the Court of Appeals for the Ninth Circuit and directed the Clerk of Court to administratively reopen the case. ECF No. 63 at 1-2. The District Judge's Order stated that "this action will proceed as to Plaintiff's First Amendment Free Exercise Clause claim, First Amendment retaliation claim, and RLUIPA claim." Id. at 2. The District Judge further ordered "Defendants to answer Plaintiff's remaining claims within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a)." Id. at 3. On August 19, 2020, Defendants filed an answer to Plaintiff's Amended Complaint, and on August 21, 2020, a Scheduling Order was issued regulating discovery and other pre-trial proceedings. ECF Nos. 65, 68.

[2] The Scheduling Order sets the deadline for fact discovery to be completed by all parties on January 19, 2021 and the deadline for dispositive pretrial motions to be filed by June 21, 2021. ECF No. 68 at 1, 3.

proffered evidence to the Court in support of their claims and defenses, the Court cannot find that Plaintiff is likely to succeed on the merits. See Garcia v. Smith, No. 10cv1187-AJB-RBB, 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying motion for appointment of counsel even though plaintiff had survived a motion to dismiss, because it was too early to determine whether any of plaintiff's claims would survive a motion for summary judgment); see e.g., Arellano v. Hodge, No. 14cv590-JLS-JLB, 2017 WL 1711086, at *4 (S.D. Cal. May 3, 2017) (denying motion for appointment of counsel when discovery had recently begun after fourth amended complaint, because it was too early to determine whether any of plaintiff's claims would succeed on the merits). Accordingly, the Court finds that Plaintiff has not yet demonstrated a likelihood of success on the merits such that this case should be classified as an exceptional circumstance at this time.

Third, the Court finds that Plaintiff is able to articulate his claims without legal assistance in light of the complexity of the legal issues involved. Limited access to the law library and unfamiliarity with the law are circumstances common to most *pro se* plaintiffs and do not establish exceptional circumstances. See, e.g., Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (denying appointment of counsel where plaintiff complained that he had limited access to law library and lacked a legal education); Fletcher v. Quin, No. 15cv2156-GPC-NLS, 2018 WL 840174, at *3 (S.D. Cal. Feb. 13, 2018) (same). Plaintiff has not shown that he faces barriers conducting legal research beyond those ordinary experienced by *pro se* plaintiffs.

Plaintiff's claims about his restrictions to the law library due to COVID-19 also do not establish an exceptional circumstance. Courts in this circuit have declined to find that the COVID-19 pandemic establishes exceptional circumstances. See, e.g., Mascrenas v. Wagner, No. 19cv2014-WQH-BLM, 2020 WL 5423889, at *7 (S.D. Cal. Sept. 10, 2020) ("limited law library access, especially during the COVID-19 pandemic, is not an exceptional circumstance unique to Plaintiff"); Moore v. Lankford, No. 19cv2406-DMS-BLM, 2020 WL 5363306, *2 n.1 (S.D. Cal. Sept. 8, 2020) ("Plaintiff's argument regarding library access due to COVID-19 also fails to establish an exceptional circumstance"); Pitts

v. Washington, No. C18-526-RSL-MLP, 2020 WL 2850564, at *1 (W.D. Wash. June 2, 2020) (denying motion for appointment of counsel because, "[a]lthough Plaintiff contends he is unable to access the law library because of social distancing, this bare assertion does not justify the appointment of counsel at this time, nor does the COVID-19 pandemic.").

Finally, the Court has reviewed the documents filed by Plaintiff in this case, including, *inter alia*, the instant motions. From the Court's review of these documents, Plaintiff is able to sufficiently articulate the facts and circumstances relevant to his claims despite his lack of training in the law. The Court finds that his claims are straightforward and not legally complex. See e.g, Dunsmore v. Paramo, No. 13cv1193-GPC-PCL, 2013 WL 5738774 (S.D. Cal. Oct. 22, 2013) (denying appointment of counsel to a *pro se* litigant who had a "good grasp of the basis of his claims, and [was] able to articulate them in light of the relative complexity of the legal issues involved.").

The Court does not doubt that Plaintiff, like most *pro se* litigants, finds it difficult to articulate his claims, and would be better served with the assistance of counsel. Wilborn, 789 F.2d at 1331. For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a *pro se* litigant's rights See Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding that the pleadings of a *pro se* inmate must be held to less stringent standards than formal pleadings drafted by lawyers). In fact, where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles Police Dep't, 839, F.2d 621, 623 (9th Cir. 1988).

Therefore, neither the interests of justice nor any exceptional circumstances warrant appointment of counsel at this time. See Terrell, 935 F.2d at 1017. Therefore, the Court **DENIES without prejudice** Plaintiff's request for appointment of counsel at this time.

### 2. Motion to Continue

Plaintiff seeks "a 60-day extension of time to file additional pleadings, joinder, and amendments." Motion to Continue. The operative Scheduling Order provides that September 18, 2020 was the deadline to file "any motion to join other parties, to amend the

pleadings, or to file additional pleadings." ECF No. 68 at 1. The first reason for Plaintiff's request is because "[t]he Defendants have a standing policy that only the last 30 day(s) of a court deadline count as a court deadline." Motion to Continue at 2. Plaintiff states that this "means that the Court's January 19, 2021 [fact discovery] deadline does not become effective until December 20, 2020" which places Plaintiff at a "distinct disadvantage." Id. Plaintiff further states that "[i]t took until 9-8-20, for the deadline of 9-18-20 to be filed." Id. at 3. The second reason for Plaintiff's request is because the "COVID-19 restrictions have closed in person access to law library(s) at Calipatria State Prison." Id. Plaintiff states that "messenger service is the only access to the law library(s)" and that service is "unreliable, unsecure, and [there is] no verification upon delivery." Id.

"The district court has wide discretion in controlling discovery." Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). Pursuant to Rule 16, the Court is required to issue a scheduling order that "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions."[3] See Fed. R. Civ. P. 16(b)(3)(A). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). If the moving party fails to demonstrate diligence, "the inquiry should end." Id.

Here, the Court finds good cause to continue the date for Plaintiff to file any motion to join other parties, to amend the pleadings, or to file additional pleadings, but not for the amount of time requested. The Court finds good cause to continue the date for the deadline to file any motion to join other parties, amend the pleadings, or to file additional pleadings from September 18, 2020 to **November 18, 2020**. All other deadlines and requirements set forth in this Court's August 21, 2020 Scheduling Order shall remain as previously set. ECF No. 68. Accordingly, the Court **GRANTS IN PART** Plaintiff's Motion to Continue the

---

[3] "Rule" refers to the Federal Rules of Civil Procedure, unless specified otherwise.

deadline for Plaintiff to join other parties, to amend the pleadings, or to file additional pleadings on or before **November 18, 2020.**

**IT IS SO ORDERED**.

Dated: October 19, 2020

Honorable Linda Lopez
United States Magistrate Judge