UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN E. RILEY,<br><br>                      Plaintiff,<br><br>v.<br><br>S KERNAN, et al.,<br><br>                      Defendants. | Case No.: 16cv405-MMA-LL<br><br>**ORDER**<br>**(1) DENYING PLAINTIFF'S APPLICATION FOR HEARING DATE AND TIME FOR MOTION TO COMPEL, AND**<br><br>**(2) ORDERING MEET AND CONFER**<br><br>**[ECF No. 81]** |

      Presently before the Court is an application from Plaintiff, proceeding pro se, seeking a hearing date and time for a motion to compel. ECF No. 81.

      The Court finds no indication in the one-sentence request that Plaintiff has met and conferred with defense counsel in a good faith effort to resolve any discovery disputes prior to seeking the Court's intervention. See id. The Scheduling Order issued on August 21, 2020 states the following:

/ / /

/ / /

/ / /

1

> **Counsel[1] shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Federal Rule of Civil Procedure 37(a)(1) and Civil Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. All discovery motions must be filed within thirty days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue.

ECF No. 68 at 2 (emphasis in original). Rules requiring parties to meet and confer in good faith apply to pro se litigants, although incarcerated individuals are not required to meet and confer in person. Heilman v. Silva, No. 13CV2984-JLS-MDD, 2015 WL 1632693, at *1 (S.D. Cal. Apr. 13, 2015). "Incarcerated plaintiffs can and do engage in telephonic meet and confer discussions, or may exchange letters drafted in good faith to attempt to resolve the dispute informally." Id.

Accordingly, the Court **DENIES** Plaintiff's request for a hearing date for a motion to compel. See CivLR 26.1(a) ("The Court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have previously met and conferred concerning all disputed issues."); Heilman v. Silva, 2015 WL 1632693, at *1. Instead, the Court finds it appropriate to **ORDER** the following:

1.  The parties are directed to meet and confer via telephone regarding Plaintiff's discovery issue on or before **January 29, 2021**. Defense counsel is directed to coordinate the call. The Court notes that fact discovery is set to close on January 19, 2021 [ECF No. 68 at 1] and directs the parties to promptly file any motion to continue fact discovery if necessary and if there is good cause to do so.

2.  If the parties are unable to resolve their dispute, the parties are directed to file a single, consolidated Joint Motion for Determination of Discovery Dispute setting forth (1) the efforts to meet and confer; (2) the discovery being sought that is in dispute; (3) the

---

[1] As used herein, references to "counsel" include any party representing himself or herself.

responses/production provided to the disputed discovery request; (4) a statement by Plaintiff as to why a response/production should be compelled; and (5) Defendants' arguments as to why a response/production should not be compelled. The Joint Motion for Determination of Discovery Dispute shall be filed on or before **February 12, 2021**. Defense counsel is responsible for contacting Plaintiff to prepare the Joint Motion. The Court will thereafter take the matter under submission.

3. The Court's Order is not meant to conflict with any health and safety guidelines issued by the California Department of Corrections and Rehabilitation in response to the COVID-19 pandemic. If Defendants are unable to initiate a call with Plaintiff, they may instead file a declaration to the Court outlining their efforts to do so.

**IT IS SO ORDERED**.

Dated: January 15, 2021

Honorable Linda Lopez
United States Magistrate Judge