UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN E. RILEY,<br><br>Plaintiff,<br><br>v.<br><br>S. KERNAN, et al.,<br><br>Defendants. | Case No.: 16cv405-MMA-LL<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br>**[ECF No. 87];**<br><br>**(2) DENYING PLAINTIFF'S REQUEST FOR HEARING DATE AND TIME FOR NINETY-DAY EXTENSION OF DISCOVERY**<br>**[ECF No. 89]** |

Presently before the Court are two motions from Plaintiff, proceeding pro se and *in forma pauperis*. ECF Nos. 87, 89. Plaintiff's first motion, filed *nunc pro tunc* on January 29, 2021, seeks appointment of counsel. ECF No. 87. Plaintiff's second motion, filed nunc *pro tunc* on January 29, 2021, is a request for a hearing date and time for a ninety-day extension of discovery. ECF No. 89. For the reasons set forth below, the Court **DENIES without prejudice** Plaintiff's Motion for Appointment of Counsel and **DENIES as moot** Plaintiff's Request for a Hearing Date and Time.

1

### 1. Motion for Appointment of Counsel

This is Plaintiff's third motion for appointment of counsel.[1] See ECF Nos. 8, 76. In support of his first request for counsel, Plaintiff stated that he believed Defendants "will claim privileged information that a prisoner can't have," and that counsel would "facilitate . . . speedier discovery[] and smoother litigation." See ECF No. 8 at 1. The Court denied the motion without prejudice. ECF No. 10 at 4. In his second request, Plaintiff sought appointment of counsel because (1) "[t]he U.S. 9th Circuit Court of Appeal[s] [] mandate [at] Docket Entry 60-1 pg. 6 of 6 recommended appointment of counsel for further proceedings" and (2) he "is unable to properly pursue this 42 U.S.C. § 1983 civil suit due to the restrictions that the Defendants have imposed," such as restricting law library access to "institutional paging and messenger service." ECF No. 76 at 2. The Court denied the motion without prejudice. ECF No. 77 at 2–5.

In the instant Motion, Plaintiff reasserts the claims set forth in his second request for counsel and adds that "pandemic protocols are hampering counsel's ability to litigate this case." ECF No. 87 at 3–4. Specifically, Plaintiff states that he "has no way of obtaining any expert(s)" because he is forbidden internet access and so requests appointment of counsel "in the interest of equity." Id. at 4. The Court interprets Plaintiff's reassertion of the claims in his second request for counsel as a request for reconsideration of the Court's order denying appointment of counsel.

A district court may reconsider an order under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment).[2] See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration [pursuant to Rule 59(e)] is appropriate if the district

---

[1] Plaintiff's first motion for appointment of counsel was denied on May 29, 2016. ECF No. 10. The Court denied his second motion for appointment of counsel on October 20, 2020. ECF No. 77.

[2] The use of the term "Rule" in this order refers to the Federal Rules of Civil Procedure, unless otherwise stated.

court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Id. at 1263. A motion for reconsideration under Rule 60(b) will be granted "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." Fed. R. Civ. P. 60(b); Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991) (citation omitted). Under this district's Local Rules, a party that files a motion for reconsideration of an order must set forth what new or different facts and circumstances are claimed to exist, which did not exist, or were not shown, in the prior motion. CivLR 7.1.i. Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted).

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't of Soc. Servs. of Durham Cty., N. C., 452 U.S. 18, 25 (1981). Additionally, there is no constitutional right to a court-appointed attorney in cases filed by inmates arising under 42 U.S.C. § 1983. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981) (citation omitted). However, under 28 U.S.C. § 1951(e)(1), courts have the authority to request that an attorney represent indigent persons under "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (citation omitted). A finding of exceptional circumstances demands "at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel" under § 1915(e)(1). Wilborn v. Escalderon, 789 F.2d at 1331.

///

1  Regarding Plaintiff's reassertion of claims made in his second request for
2  appointment of counsel, the Court finds Plaintiff has not presented any new evidence,
3  extraordinary circumstance, or otherwise shown any reason that would justify a
4  reconsideration of its prior order denying appointment of counsel at this time. Additionally,
5  the limited availability of pro bono legal serv ices in this District has not changed.

6  Regarding Plaintiff's new claims, the Court finds Plaintiff's inability to use the
7  internet and obtain experts does not demonstrate exceptional circumstances. Plaintiff's
8  difficulties do not lie in an inability to articulate his claims in light of the complexity of the
9  legal issues involved, but rather to the general difficulty of litigating pro se. See Arellano
10 v. Sedighi, No. 15-CV-02059-AJB-BGS, 2020 WL 601634, at *1 (S.D. Cal. Feb. 7, 2020).
11 Plaintiff's difficulty in obtaining experts is shared by all incarcerated litigants proceeding
12 pro se and does not rise to the level of exceptional circumstances. Id. (finding inability to
13 obtain an expert witness is not an exceptional circumstance); Choquette v. Warner,
14 No. 315cv05838BHSJRC, 2016 WL 11622951, at *1 (W.D. Wash. Apr. 29, 2016) (finding
15 desire for assistance with experts and discovery is not an exceptional circumstance).

16 Furthermore, the Court notes that litigants proceeding *in forma pauperis* must hire
17 their own experts. Arellano v. Sedighi, 2020 WL 601634, at *1 (citation omitted). The
18 statute allowing impoverished litigants to proceed *in forma pauperis* "does not grant the
19 Court the authority to appoint expert witnesses on behalf of a party." Id. (citing
20 28 U.S.C. § 1915); see also Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) ("The
21 magistrate judge correctly ruled that 28 U.S.C. § 1915, the *in forma pauperis* statute, does
22 not waive payment of fees or expenses for witnesses." (citation omitted)). If it becomes
23 necessary, the Court has the ability to appoint a neutral expert under Federal Rule of
24 Evidence 706. Arellano v. Sedighi, 2020 WL 601634, at *1.

25 The information before the Court does not indicate an exceptional circumstance to
26 warrant appointment of counsel. The Court has reviewed the documents filed by Plaintiff
27 in this case and finds he has been able to sufficiently articulate the facts and circumstances
28 relevant to his claims. See Dunsmore v. Paramo, No. 13cv1193-GPC-PCL,

2013 WL 5738774, at *2 (S.D. Cal. Oct. 22, 2013) (denying appointment of counsel to a pro se litigant who had a "good grasp of the basis of his claims, and [was] able to articulate them in light of the relative complexity of the legal issues involved"). Moreover, although fact discovery has recently ended, it is not possible to determine Plaintiff's likelihood of success at this stage of the litigation. See Garcia v. Smith, No. 10cv1187-AJB-RBB, 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying motion for appointment of counsel even though plaintiff had survived a motion to dismiss because it was too early to determine whether any of plaintiff's claims would survive a motion for summary judgment). Accordingly, the Court **DENIES without prejudice** Plaintiff's motion for appointment of counsel at this time.

### 2. Request for Hearing Date and Time for Ninety-Day Extension of Discovery

Plaintiff requests a hearing date and time for a ninety-day extension of discovery; the request does not include reasons for the extension. ECF No. 89. The dates and times set forth in the Scheduling Order will only be modified for good cause. ECF No. 68 at 4. However, a request for an extension of time does not require a motion hearing. The relevant section of the undersigned magistrate judge's Civil Chambers Rules states the following:

> **Requests to Amend the Schedule.** The dates and times set in the Scheduling Order **will not** be modified except for good cause shown and with the Judge's consent. Fed. R. Civ. P. 16(b)(4). Counsel are reminded of their duty of diligence and that they must "take all steps necessary to bring an action to readiness for trial." Civil Local Rule 16.1(b).
>
> Before requesting an extension of any dates, the attorneys must "meet and confer" and the request should then be made by filing a joint motion. The joint motion must establish good cause for the request and shall include a declaration from counsel of record detailing the steps taken to comply with the dates and deadlines set in the order, the specific reasons why the deadlines cannot be met, and any prior requested or approved modifications to the order. A party seeking a modification may move ex parte if the other parties will not join in a motion to amend the schedule. In an ex parte motion, the declaration must address the steps counsel took to obtain a stipulation, as well as the subjects required for the joint motion. When the motion is made after time has

expired, [Federal Rule of Civil Procedure] 6(b)(1)(B) requires the parties to address excusable neglect.

Judge Lopez's Civil Chambers Rules, Section III.C.[3]

Because a hearing is not required for a motion to amend the Scheduling Order, the Court **DENIES as moot** Plaintiff's request for a hearing date and time to extend discovery. If Plaintiff is unable to promptly meet and confer with defense counsel by phone to request an extension, he may submit an ex parte application to extend discovery.

**IT IS SO ORDERED**.

Dated: February 11, 2021

Honorable Linda Lopez
United States Magistrate Judge

---

[3] Any reference to "attorneys" or "counsel" in the Civil Chambers Rules also applies to self-represented litigants.