UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN E. RILEY,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>S. KERNAN, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:16-cv-00405-MMA-AHG<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO REOPEN DISCOVERY WITHOUT PREJUDICE; and**<br><br>**(2) SETTING DEADLINE TO SEND JOINT EMAIL TO COURT PER CHAMBERS RULES**<br><br>**[ECF No. 113]** |

Before the Court is Plaintiff's Motion to Reopen Discovery (ECF No. 113), filed on January 3, 2022. Plaintiff is currently incarcerated at the Calipatria State Prison and was previously proceeding *pro se,* until the Court appointed him pro bono counsel on December 15, 2021. *See* ECF No. 107. Plaintiff was appointed counsel after the Court denied Defendants' summary judgment motion in part, making the case ripe to proceed to trial.[1] Plaintiff now seeks to reopen discovery to develop facts needed for trial, given that he was previously limited with respect to the discovery he could conduct when proceeding *pro se* and *in forma pauperis*. *See generally* ECF No. 113-1.

The Court finds that Plaintiff's Motion to Reopen Discovery was filed prematurely and must be **DENIED without prejudice.** Pursuant to the undersigned's Chambers Rules,[2] parties may not file disputed discovery motions until the Court has conducted a pre-motion telephonic conference. *See* Chmbr. R. at 3. Specifically, before filing any motion on a discovery issue, the movant must first meet and confer with the opposing side to attempt to reach agreement. If the parties do not agree, the parties must then email chambers at efile_Goddard@casd.uscourts.gov to request a telephonic conference. *Id.* In the email, the parties must include (1) three proposed times mutually agreed upon for the conference; (2) a neutral statement of the dispute; and (3) one sentence describing each party's position. *Id.* "No discovery motion may be filed until the Court has conducted its pre-motion conference, unless the movant has obtained leave of Court." *Id.*

Plaintiff's counsel did not call chambers for a hearing date or otherwise seek leave of Court to file Plaintiff's Motion to Reopen Discovery. Accordingly, the Court **DENIES**

---

[1] The Court's ruling on Defendants' Motion for Summary Judgment is currently on appeal to the Ninth Circuit. ECF No. 111.

[2] Magistrate Judge Allison H. Goddard's Chambers Rules governing civil cases can be found at: https://www.casd.uscourts.gov/judges/goddard/docs/Goddard%20Civil%20Pretrial%20Procedures.pdf.

the Motion (ECF No. 113) **without prejudice**. Counsel for Plaintiff must meet and confer with defense counsel to determine whether Defendants will agree to reopening discovery. If they do not agree, counsel should send a **joint** email to Judge Goddard's chambers in compliance with the Chambers Rules no later than **January 18, 2022**.[3] The Court will then promptly set a telephonic conference, during which the Court will likely set a briefing schedule for a joint motion on the dispute (unless an agreement is reached during the call).

    **IT IS SO ORDERED.**

Dated: January 4, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[3] Although Defendant has filed an appeal, this case is not stayed. The Court expects all counsel to participate fully in the meet-and-confer process. Any failure to do so could result in sanctions.