**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN E. RILEY,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>S. KERNAN, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 16-cv-405-MMA (AHG)<br><br>**ORDER DENYING MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**<br><br>[Doc. No. 123] |

　　　Steven E. Riley ("Plaintiff"), a state prisoner previously proceeding *pro se*,[1] brings this civil rights action pursuant to 42 U.S.C. § 1983 against S. Kernan, W.L. Montgomery, B. Hedrick, L. Paul, G. Chavarria, J. Hatfield, E. Uribe, G.Z. Hernandez, C. Imada, R. Witte, R. Garcia, J. Price, M. Whitman, L. Newman, C. Espitia, S. Cowey, and J. Grima (collectively, "Defendants"). *See* Doc. No. 36 ("FAC").  On December 6, 2021, the Court granted in part and denied in part Defendants' motion for summary judgment.  Doc. No. 106 (the "Summary Judgment Order").  Plaintiff now moves the

---

[1] Following the Court's ruling on summary judgment, the Court sua sponte reconsidered Plaintiff's prior motions to appoint counsel pursuant to General Order 596 and Plaintiff was appointed pro bono representation.  *See* Doc. No. 107.

Court to certify part of the Summary Judgment Order for interlocutory appeal. Defendants filed an opposition, to which Plaintiff replied. Doc. Nos. 124, 125. The Court took the matter under submission without oral argument pursuant to Civil Local Rule 7.1.d.1 and Federal Rule of Civil Procedure 78(b). Doc. No. 126. For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

## I. BACKGROUND

The parties are familiar with the facts, set forth in detail in the Summary Judgment Order, which the Court incorporates by reference here. For the purpose of this motion, the Court provides the following summary.

On August 19, 2021, Defendants filed a motion for summary judgment, Doc. No. 100, which the Court granted in part and denied in part. In ruling on the motion, the Court recognized Plaintiff's *pro se* status, liberally construed his papers, and drew all appropriate inferences in his favor. Further, the Court exercised its discretion, *see Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) (concluding that a district court has the discretion to but "need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found"), and searched the entire record to discover whether there was any genuine issue of material fact despite any failure to point to such evidence or identify a dispute in his opposition. *See generally* Doc. No. 104.

The Court granted summary judgment for Defendants as to Plaintiff's Religious Land Use and Institutionalized Persons Act, 421 U.S.C. § 2000cc *et seq*. ("RLUIPA"). As to Plaintiff's RLUIPA claim, the Court found that, on the record presented, Calipatria State Prison's ("CSP") random drug testing via urinalysis is the least restrictive method to further the government's compelling interest in reducing drug use in prison. The Court also granted summary judgment for Defendants as to Plaintiff's claim under the First Amendment Free Exercise Clause. As to Plaintiff's Free Exercise Clause claim, the

Court found that, on the record presented, CSP's random drug testing via urinalysis is reasonably related to the government's legitimate interest in reducing drug use in prison.

The Court further granted in part and denied in part summary judgment as to Plaintiff's First Amendment retaliation claim. Specifically, the Court granted summary judgment for Defendants to the extent Plaintiff's retaliation claim was based upon the: (1) punishment imposed for rule violations; (2) "snide comments"; and (3) screening out of his grievances. As to the first, the Court found that there was no evidence that any of the punishments were because of protected activities as opposed to ordinary discipline. Moreover, there was no evidence that any Defendant partook in or retained any discretion in imposing the punishments. As to the second, the Court found that there was no evidence connecting the "snide comments" to protected activity, and importantly, that none of the comments individually or taken in totality, amount to adverse actions that can reasonably be found to chill Plaintiff's First Amendment Rights. As to the third, the Court found that there was no evidence that any of Plaintiff's grievances were screened out for "nefarious reasons." Instead, the summary judgment record revealed that his grievances and appeals were properly rejected for failure to comply with the rules governing the grievance procedure.

As to Plaintiff's retaliation claim based upon the repeated drug testing and Rules Violation Reports ("RVRs"), the Court denied Defendants' request for summary judgment. The Court found that a genuine issue of material fact precluded summary judgment. The summary judgment record revealed a question of whether Plaintiff was subjected to drug testing more frequently than the rules permitted. Viewing the evidence in the light most favorable to Plaintiff, the repeated attempts to drug test Plaintiff and the resulting issuance of RVRs did not reasonably advance the government's legitimate correctional goals.[2]

---

[2] This Order refers to Plaintiff's allegations and evidence of the repeated drug testing requests and resulting RVRs as "stacking."

Finally, the Court denied summary judgment as to Defendants' qualified immunity defense. The Court found that the genuine issue of material fact which precluded summary judgment as to Plaintiff's retaliation claim mentioned above also precluded summary judgment as to Defendants' entitlement to qualified immunity. Specifically, if Plaintiff was subjected to testing more frequently than the rules prescribed, Defendants cannot successfully argue that no reasonable officer in their position could have reasonably believed their conduct was lawful.

On December 30, 2021, Defendants filed a notice of appeal. Doc. No. 111. Plaintiff cross appealed. Doc. No. 118. On joint motion, the Court stayed the case pending appeal. Doc. No. 120. Plaintiff now seeks interlocutory appeal of the Court's summary judgment ruling as to his RLUIPA claim. Doc. No. 123.

## II. LEGAL STANDARD

Federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Under the "final judgment rule," codified in 28 U.S.C. § 1291, the courts of appeal have jurisdiction over "appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291.

Appellate review before a final judgment is only appropriate in "exceptional cases where decision of an interlocutory appeal might avoid protracted and expensive litigation." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). A district court may only certify an order for interlocutory appeal if the moving party demonstrates that: (1) the issue to be certified "involves a controlling question of law"; (2) there is a "substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The requirements of section 1292(b) are jurisdictional, meaning if the appeal does not present circumstances satisfying the statutory prerequisites, the reviewing court cannot allow the appeal. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2009).

Because section 1292(b) is a departure from the final judgment rule, the exception "must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). The decision to certify an issue for interlocutory appeal is discretionary, *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 36 (1995), and the district court should apply the requirements "strictly" and certify for interlocutory appeal only when "exceptional circumstances" justify a departure from the well-established policy of postponing appellate review until after a final judgment. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). The party seeking certification bears the burden of demonstrating that the requirements are satisfied and that such a departure is warranted. *Id.*

### III. DISCUSSION

Pursuant to 28 U.S.C. § 1292(b), Plaintiff asks the Court to certify for interlocutory appeal the portion of the Summary Judgment Order wherein the Court granted summary judgment for Defendants as to Plaintiff's RLUIPA claim. Specifically, Plaintiff asks the court to certify the following question:

> whether, given that [Plaintiff] was a prison inmate proceeding pro per, this Court could validly evaluate whether the drug testing was the "least restrictive method" of advancing the state's interest without taking into account the essential point of [Plaintiff]'s related First Amendment retaliation argument – namely, that the regime, as implemented, "stacked" punishments beyond what was legally permitted.

Doc. No. 26 at 3. Put another way, "whether, in ruling on a motion for summary judgment in a case litigated by a prison inmate in pro per, the merits of one count can be evaluated in isolation from the evidence pertaining to a closely related claim." *Id.* Plaintiff goes on to explain that "the ruling on the RLUIPA cause of action does not appear to give any weight to the facts adduced in connection with the First Amendment retaliation cause of action that the prison's drug testing regime improperly 'stacked' tests more frequently than was permitted." *Id.*

Plaintiff's phrasing of the question misses the point. The Court did not ignore relevant evidence submitted, and allegations made, as to one claim while evaluating another. If it had, the Court would not need to certify the question for interlocutory appeal because it would reconsider that portion of its own order. It is without question that in ruling on a motion for summary judgment the Court must consider all evidence before it regardless of which claim it was offered in support of.

The Court duly considered all of the evidence and provided all appropriate interpretations and inferences in Plaintiff's favor. However, Plaintiff's evidence of stacking did not impact the Court's analysis and ruling on the RLUIPA claim and thus was not discussed in that portion of the Summary Judgment Order. This because the evidence of stacking is irrelevant to Plaintiff's RLUIPA claim.

Plaintiff's religion, the Teachings of Ausar, prohibits giving away bodily fluids of any kind and at any time. As such, relevant to his RLUIPA claim, Plaintiff duly alleged that CSP's *method* of drug testing via urinalysis—sampling of a bodily fluid—infringes on his right to exercise his religion. He did not allege that CSP's drug testing *regime*, which prescribes the number of times that an inmate may be subjected to drug testing, infringes on his rights. He also did not allege that the number of times he was in fact asked to provide a urinalysis sample infringed on his rights. Contrary to Plaintiff's assertion, the Court was neither required nor permitted to read those allegations into his FAC because they are inconsistent with his particular religious beliefs. Plaintiff's religion does not limit the number of times per month that he may give away bodily fluids, it blanketly prohibits it. That is to say, if proven, a single urinalysis drug test would violate Plaintiff's rights under RLUIPA. If Plaintiff's religion limited the number of times he could provide a urine sample, then he could plausibly allege an RLUIPA claim on the basis that the sampling frequency—either as prescribed or as practiced—violated his rights. And in such a situation, the Court would have duly exercised its discretion in assisting Plaintiff as a *pro se* inmate in searching the record for a genuine

issue of material fact. But his religion does not and so the Court had no reason or ability to expand his RLUIPA claim beyond the logical reach of his religious beliefs.

To further clarify, the Court did not "conclude[e] that the prison's drug testing *regime* was the 'least restrictive method' of furthering the state's interest in reducing drug use in prison without considering [Plaintiff]'s contention that the testing regime, as actually implemented, was used far more often than was legal." Doc. No. 123 at 3–4 (quoting Summary Judgment Order at 10) (emphasis added). The Court found that "CSP's *random drug tests through urinalysis* is the least restrictive method," Summary Judgment Order at 10 (emphasis added), and as discussed above, Plaintiff's contentions regarding the regime and frequency as implemented are unrelated to the method of collection. One can easily conclude that the method of collection is the least restrictive means of drug testing and still conclude that drug testing an inmate in excess of the prescribed frequency does not reasonably advance legitimate correctional goals. For this reason, Plaintiff's argument that "the retaliation claim will necessarily lose on the ground that the testing regime has been determined to be the least restrictive method of further the state's interests," Doc. No. 125 at 3, is misplaced.

\* \* \*

Plaintiff has not met his burden of showing that all three statutory criteria are met here or that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment. Namely, the Court finds that Plaintiff has not established that a controlling question of law exists. A question of law is controlling if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). The Ninth Circuit has not expressly defined the term "question of law," however, a number of courts have stated that the term means a "pure question of law" rather than a mixed question of law and fact or the application of law to

a particular set of facts. *Karoun Dairies, Inc. v. Karlacti, Inc.*, No. 08cv1521 AJB (WVG), 2014 U.S. Dist. LEXIS 188821, at *10–11 (S.D. Cal. Sep. 3, 2014); *see also Finjan, Inc. v. Check Point Software Techs., Inc.*, No. 18-cv-02621-WHO, 2020 U.S. Dist. LEXIS 70202, at *8–9 (N.D. Cal. Apr. 21, 2020).

Despite the phrasing, Plaintiff does not pose a question about the "tension between the notion that pro per arguments should be literally interpreted and the notion that a court is not obligated to hunt to find support for the existence of a factual dispute." Doc. No. 125 at 3. As discussed above, the Court did both in Plaintiff's favor: the Court liberally interpreted Plaintiff's pleadings and arguments and independently searched the summary judgment record for issues of fact notwithstanding Plaintiff's briefing in opposition. Thus, his question is really whether the Court should have, in liberally interpreting a *pro se* inmate's pleadings and exercising its discretion to search the summary judgment record for a genuine issue of fact, expanded Plaintiff's RLUIPA claim to encompass the allegations and evidence of stacking; whether, as to Plaintiff's RLUIPA claim, the Court improperly determined that Plaintiff's stated religious beliefs only implicated the method of testing and not the frequency of testing as prescribed or as practiced.

The Court's interpretation of the FAC and Plaintiff's allegations and evidence involves the application of law to a particular set of facts, and therefore is not proper for certification under section 1292(b). Moreover, whether evidence and allegations the Court deemed inapposite to Plaintiff's RLUIPA claim should have precluded summary judgment is also a mixed question of fact. It appears that Plaintiff believes the Court incorrectly applied the clear law governing the requirement to liberally interpret pleadings, *see, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), and discretion on summary judgment to search the record, *Carmen*, 237 F.3d at 1031, in cases involving *pro se* prisoner plaintiffs. However, this is not an appropriate question for interlocutory appeal. Accordingly, the Court finds that Plaintiff has not identified a controlling question of law as to Plaintiff's RLUIPA claim.

Because the Court finds that Plaintiff has not established the existence of a controlling question of law, the Court declines to address the additional elements under 28 U.S.C. § 1292(b) and finds that Plaintiff has failed to demonstrate an exceptional need for interlocutory appeal.  The Court therefore **DENIES** Plaintiff's motion for certification of the Summary Judgment Order for interlocutory appeal.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to certify the Summary Judgment Order for interlocutory appeal.

**IT IS SO ORDERED**.

Dated:  April 15, 2022

HON. MICHAEL M. ANELLO
United States District Judge