# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN E. RILEY,<br><br>                    Plaintiff,<br>vs.<br><br>S. KERNAN, et al.,<br><br>                    Defendants. | Case No. 16cv405-MMA-JMA<br><br>**ORDER SPREADING MANDATE OF UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT** |

Plaintiff Steven E. Riley, a state prisoner proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") and fourteen prison officials violated his constitutional and statutory rights by subjecting him to random drug testing and charging him with repeated, falsified disciplinary violations. *See* Doc. No. 36. On December 6, 2021, the Court granted in part and denied in part Defendants' motion for summary judgment. *See* Doc. No. 106. In particular, the Court granted summary judgment in Defendants' favor as to Plaintiff's First Amendment Free Exercise Clause claim, Religious Land Use and Institutionalized Persons Act claim, and First Amendment retaliation claim to the extent it was based upon the Serious Rule Violations' punishment, officers' comments, and screening out of Plaintiff's grievances. *See id.* at 20. The Court

found that material factual issues precluded summary judgment as to Plaintiff's retaliation claim based upon the alleged repeated urinalysis drug testing and resulting Rule Violation Reports. *See id.* The Court also concluded that Defendants were not entitled to qualified immunity. *Se id.* On December 30, 2021, Defendants filed a timely Notice of Appeal. *See* Doc. No. 111.

On October 28, 2022, the United States Court of Appeals for the Ninth Circuit entered judgment in this case, reversing the Court's denial of Defendants' request for qualified immunity and remanding the action to this Court for further proceedings. In its memorandum disposition, the Ninth Circuit held that the Court misread the regulation, which sets a minimum and not a maximum number of tests an inmate may be required to take each month. *See Riley v. Scott Kernan, Sec'y of Corr.*, Nos. 22-55033, 22-55112, 2022 U.S. App. LEXIS 30050, at *3 (9th Cir. Oct. 28, 2022). The circuit court also concluded that, even assuming Plaintiff has established a constitutional violation, he fails to identify precedent that clearly establishes that right. *Id.* at *3–4.

The Ninth Circuit's judgment took effect November 21, 2022, and constitutes the formal mandate issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure. *See* Doc. No. 130. The mandate is spread, and this Court once again has jurisdiction over this action.

The Court **DIRECTS** the Clerk of Court to enter judgment for Defendants and close this case.

**IT IS SO ORDERED**.

Dated: December 5, 2022

HON. MICHAEL M. ANELLO
United States District Judge